JMK:AS
F. #2019R00762

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 25 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ZWI SKORNICKI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 19-277 (KAM)
(T. 18, U.S.C., §§ 371 and 3551 et seq.)

THE UNITED STATES CHARGES:

At all times relevant to this Information, unless otherwise stated:

THE DEFENDANT AND REFERENCED INDIVIDUALS AND ENTITIES

1.    Keppel Offshore and Marine, Ltd. ("KOM") was a Singapore-based corporation that operated shipyards in Asia, the Americas and Europe. KOM had subsidiaries in, among other places, Brazil and the United States (collectively, the "KOM Entities"). The U.S subsidiary of KOM was a "domestic concern," as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(1).

2.    Energy Company, the identity of which is known to the United States, was an engineering and construction company headquartered in France with subsidiaries in, among other places, Brazil and the United States (collectively, the "Energy Company Entities"). The U.S. subsidiary of Energy Company was a "domestic concern," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

1

3.      Petróleo Brasileiro S.A. - Petrobras ("Petrobras") was a Brazilian state-controlled oil company headquartered in Rio de Janeiro, Brazil, that operated to refine, produce and distribute oil, oil products, gas, biofuels and energy. At all relevant times, the Brazilian government directly owned more than 50 percent of Petrobras's common shares with voting rights. Petrobras was controlled by Brazil and performed government functions, and thus was an "agency" and "instrumentality" of a foreign government, as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2.

4.      The defendant ZWI SKORNICKI was a citizen of Brazil. He was an agent of the KOM entities from at least in or about and between 2000 and 2016 and an agent of the Energy Company Entities from in or about and between 2003 and 2013. SKORNICKI was an agent of a "domestic concern," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2.

5.      "Foreign Official 1," an individual whose identity is known to the United States, was an employee of Petrobras from at least in or about and between 2003 and April 2011. Thus, during that time, Foreign Official 1 was a "foreign official," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A). Foreign Official 1 had responsibility for, among other things, managing the bidding process and selecting the winning bidders for projects arising out of the Engineering, Technology, and Materials ("ETM") division of Petrobras.

6.      "Foreign Official 2," an individual whose identity is known to the United States, was an employee of Petrobras with responsibility over ETM projects, including the bidding process for those projects, from at least in or about and between 2003 and April 2012.

Thus, during that time, Foreign Official 2 was a "foreign official," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

7.  The Workers' Party of Brazil ("Workers' Party") was a political party in Brazil that formed part of the federal government of Brazil in or about and between 2003 and 2016. The Workers' Party was a "political party," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(a)(2).

## THE BRIBERY SCHEME

8.  In or about and between 2001 and 2014, the defendant ZWI SKORNICKI, together with others, including executives of the KOM Entities and the Energy Company Entities, knowingly and willfully conspired to pay, and paid, approximately $55 million in bribes in connection with at least 13 projects in Brazil tendered by Petrobras and, later, a company that employed several former Petrobras officials. These bribes were paid corruptly for the benefit of the Workers' Party and foreign officials, including Foreign Official 1 and Foreign Official 2, to secure improper advantages and to influence the Worker's Party and those foreign officials to obtain and retain business in Brazil for the KOM Entities and the Energy Company Entities, including as part of a joint venture they formed together in 2003 (the "Joint Venture"). Together, the KOM Entities and the Energy Company Entities earned profits totaling more than $500 million from business in Brazil obtained through the bribery scheme.

9.  During the relevant time period, the defendant ZWI SKORNICKI worked as a consultant for both the KOM Entities and the Energy Company Entities. To help the KOM Entities and the Energy Company Entities win projects, SKORNICKI used the commissions he

3

received from those entities, at least in part, to bribe the Workers' Party and government officials, including Foreign Official 1 and Foreign Official 2.

10. To facilitate the payment of those bribes and to conceal the true nature and purpose of the payments, the defendant ZWI SKORNICKI and employees at the KOM Entities and the Energy Company Entities created and executed false agreements with consulting companies controlled in whole or in part by SKORNICKI. These agreements falsely represented that payments were being made to SKORNICKI's companies for SKORNICKI's assistance and support in discussions and negotiations with prospective customers when, in fact, portions of those payments were being paid as bribes.

11. Certain executives at the KOM Entities and the Energy Company Entities authorized payments to the defendant ZWI SKORNICKI pursuant to those agreements, knowing that a portion of those payments would be used to pay bribes to officials at Petrobras and the Workers' Party in order to assist the KOM Entities and the Energy Company Entities in winning business with Petrobras and, later in the case of the KOM Entities, a company that employed former Petrobras officials.

12. The KOM Entities and the Energy Company Entities made payments to the consulting companies controlled by the defendant ZWI SKORNICKI to and through bank accounts located in the United States and elsewhere. SKORNICKI subsequently transferred money from the accounts located in the United States and elsewhere to bank accounts outside the United States controlled by Foreign Official 1, Foreign Official 2 and the Workers' Party in order to further the bribery scheme.

## CONSPIRACY TO VIOLATE THE FCPA

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between 2001 and 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZWI SKORNICKI, together with others, did knowingly and willfully conspire to commit one or more offenses against the United States, to wit: being an agent of a "domestic concern," as that term is defined in the FCPA, to make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay and authorization of the payment of any money, offer, gift, promise to give and authorization of the giving of anything of value to one or more foreign officials, to a foreign political party and official thereof, and to one or more persons, while knowing that all or a portion of such money and thing of value would be offered, given and promised to one or more foreign officials, to a foreign political party and official thereof, and to one or more persons, for purposes of: (i) influencing acts and decisions of such foreign official, foreign political party and official thereof in his, her or its official capacity; (ii) inducing such foreign official, foreign political party and official thereof, to do and omit to do acts in violation of the lawful duty of such official and party; (iii) securing any improper advantage; and (iv) inducing such foreign official, foreign political party and official thereof to use his, her or its influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, to assist the U.S. subsidiary of KOM and the Joint Venture in obtaining and retaining business

for and with, and directing business to, KOM, the Joint Venture and others, contrary to Title 15, United States Code, Section 78dd-2.

15. In furtherance of the conspiracy and to achieve its objects, the defendant ZWI SKORNICKI, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a) On or about November 25, 2008, SKORNICKI sent an email to executives at the KOM Entities, seeking confirmation that, "based on our telecom, some days ago," SKORNICKI would be paid his regular commission, referred to as "rates actually used in the existing contract," for his work regarding a specific project, plus an additional two percent comprised of 0.5 percent for "the party," 0.5 percent for "Group A" and one percent for "Group B." "The party" referred to the Workers' Party, "Group A" referred to Foreign Official 1 and affiliated persons and "Group B" referred to SKORNICKI himself.

(b) On or about February 8, 2010, the Energy Company Entities caused approximately $61,505 to be wired to SKORNICKI's company bank account in Switzerland to further the bribe scheme.

(c) On or about September 2, 2014, SKORNICKI transferred $971,780.00 from a bank account in Miami, Florida controlled by SKORNICKI to at least one bank account outside the United States to further the bribery scheme.

6

(d) On or about November 4, 2014, at the instruction of a Workers' Party official, SKORNICKI transferred $500,000 from a bank account in the United States to a bank account in Switzerland, to settle payments owed to the Workers' Party as bribes.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York


ROBERT A. ZINK
Acting Chief, Fraud Section
Criminal Division, Dept. of Justice