

**ATTORNEYS AT LAW**

**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-0002
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Michael L. Yaeger
Shareholder
212.380.9623 Direct Dial
MYaeger@carltonfields.com

June 24, 2020

By ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Zwi Skornicki*, 19 CR 277 (KAM)

Dear Judge Matsumoto:

    We represent Zwi Skornicki in the above-referenced matter. Mr. Skornicki, a 70-year-old Brazilian citizen and resident, pleaded guilty to an information charging one count of conspiracy to violate the anti-bribery provisions of the Foreign Corrupt Practices Act, and is scheduled to be sentenced on August 4, 2020. Pursuant to Administrative Order 2020-13, *In Re: Coronavirus/COVID-19 Pandemic, Use of Videoconferencing or Telephone Conferencing in Criminal Matters*,[1] Mr. Skornicki respectfully requests to attend the scheduled sentencing hearing by videoconference or teleconference from his home in Brazil. The government consents to this request.

    The coronavirus epidemic has made travel from Brazil to New York impossible for now. The United States suspended travel from Brazil,[2] and it is unclear when travel will resume. Based on past experience in this case, we estimate the amount of lead time required to set up travel from Brazil for Mr. Skornicki under special conditions (*i.e.*, without a visa) at four weeks. But no party to this case—neither Mr. Skornicki's counsel nor the Department of Justice—can begin that process while travel to the United States remains suspended. Accordingly, there is a significant chance that Mr. Skornicki will not be able to obtain permission to travel to the United States in time to arrive by August 4.

---

[1]   *Available at* https://img.nyed.uscourts.gov/files/general-ordes/AdminOrder_2020-13.pdf.

[2]   *Coronavirus: US Suspends Travel from Brazil for Foreigners*, BBC.com (May 25, 2020), https://www.bbc.com/news/world-us-canada-52793342.

The Honorable Kiyo A. Matsumoto
June 24, 2020
Page 2

In addition, the legal process for obtaining permission to travel from Brazil to the United States itself poses risks to Mr. Skornicki's health because it requires him to travel within Brazil. He lives in Rio de Janeiro, but cannot obtain the necessary authorization unless he travels to the embassy in the city of Brasilia.  Brazil has had a particularly difficult time fighting the coronavirus, and infections are still on the rise there.[3] In these circumstances it seems best to avoid travel within Brazil, especially for a 70-year old male with preexisting medical conditions: heart disease, high blood pressure and cholesterol, and diabetes.

We also submit that delaying sentencing past August on the possibility that it could be held in person is not in the interest of justice. Mr. Skornicki pleaded guilty to the information on June 25, 2019—a year ago—and his sentencing was originally scheduled to occur on January 15, 2020. Since then it has been rescheduled twice: first to April 24, 2020, and then to the current date of August 4, 2020. Waiting for conditions in Brazil to improve, much less for a vaccine to become available, could easily delay sentencing for another 6 months or more past August.

All of this delay occurs on top of the duration of Mr. Skornicki's Brazilian case, which charged him for the same conduct. Mr. Skornicki pleaded guilty in Brazil on July 21, 2016 and cooperated with authorities there, providing information through personal or written testimony to Brazil's Federal Attorney's Office and the Federal Police in 10 cases.  He has appeared in at least 26 interrogation sessions, and has also furnished written statements. So far, his testimony has resulted in 7 convictions in Brazil, and he continues to cooperate there.  In addition, Brazilian authorities have already sentenced Mr. Skornicki.  He completed that sentence, which included approximately 6 months of incarceration, an additional 18 months of house arrest, 3 years and 6 months of public service (working at a public hospital in Rio de Janeiro), payment of a fine of $25,757,802.20 (U.S. dollars), and the forfeiture of other assets.

The Brazilian case is also relevant because Section 5K2.23 of the U.S. Sentencing Guidelines counsels that "[a] downward departure may be appropriate" where a defendant "has completed serving a term of imprisonment" and where subsection (b) of §5G1.3, the guideline regarding an undischarged or anticipated term of imprisonment, "would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." USSG § 5K2.23. As noted above, Mr. Skornicki has completed his imprisonment in Brazil, and policy guidance from the Bureau of Prisons defines the relevant term taken from the cross-referenced Guidelines section (i.e., USSG § 5G1.3), that is, the term "an undischarged term of imprisonment," to include foreign sentences. *See* BOP Program Statement 5880.28, p 1–31 ("The Bureau of Prisons interprets the phrase, 'an undischarged term of imprisonment,' as applying to any lawfully imposed federal or state, local or foreign (non-federal) sentence or revocation of a conditional release term (probation,

---

[3] On Tuesday, June 16, 2020, Brazil reported nearly 35,000 new coronavirus cases in one 24-hour period.  Scott Neuman, *Brazil Reports Big Surge in Coronavirus Infections*, NPR.com (June 17, 2020), https://www.npr.org/sections/coronavirus-live-updates/2020/06/17/879038308/brazil-reports-big-surge-in-coronavirus-infections.

The Honorable Kiyo A. Matsumoto
June 24, 2020
Page 3

supervised release, parole, etc.)." *See also United States v. Madrid*, 193 F.Supp.3d 234 (S.D.N.Y. 2016) (applying USSG § 5G1.3 to a conviction in Mexico).

In the U.S. plea agreement in this case, the Government acknowledges that Mr. Skornicki's Brazilian sentence is "relevant conduct" in his U.S. case, and that it "will not oppose the defendant's request for a sentence of probation." Agreement ¶ 5.c ("Pursuant to Fed. R. Crim. P. 11(c)(1)(B), at sentencing the Government will recommend that the defendant's completion of a criminal sentence in Brazil, which resulted from a plea of guilty to an offense under Brazilian law that is relevant conduct to the instant offense of conviction, should be considered by this Court as a sentencing factor, and agree not to oppose the defendant's request for a sentence of probation.").

In sum, this case is an especially appropriate one for a sentencing by videoconference. The relevant Administrative Order in the Eastern District allows for videoconferencing and teleconferencing for criminal proceedings, including felony sentencings, if the proceeds "cannot be further delayed without serious harm to the interest of justice." Admin. Order 2020-13 at 3, ¶2. Applying a nearly identical standard and order, two courts in the Southern District of New York have already sentenced two foreign nationals remotely. *See United States v. Reichert*, No. 1:11-cr-1056-DLC-5 (SDNY) (video sentencing of German citizen residing in Germany) and *United States v. Cohen*, No. 1:19-cr-00741 (SDNY) (video sentencing of foreign national defendant under house arrest in the U.S.), which we have attached to this letter as Exhibit A and Exhibit B, respectively. In *Cohen*, the court recognized the "serious harms to the interests of justice by delaying sentencing until the COVID-19 pandemic abates" as not only the stress to the defendant caused by indefinite sentencing delays, but also the stress to judicial economy should sentencing delays "multiply the existing backlog of cases in the federal court system and generate a deluge of hearings once in-person proceedings could safely resume." Ex. B at 3-4.

For the foregoing reasons, we respectfully request an order authorizing Mr. Skornicki to attend the August 4 sentencing hearing by videoconference or teleconference from Brazil, either from his home or his lawyer's office in Rio de Janeiro.

Respectfully submitted,

CARLTON FIELDS

/s/
Michael L. Yaeger
Adam P. Schwartz


cc:   Patrick T. Hein (Patrick.Hein@usdoj.gov)
      Derek Ettinger (Derek.Ettinger@usdoj.gov)